UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTINE TODD,<br><br>Plaintiff,<br><br>vs.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC.<br><br>Defendant. | CASE NUMBER: 4:26-cv-09740<br><br>DEMAND FOR JURY TRIAL |

PLAINTIFF'S ORIGINAL COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff Kristine Todd ("Plaintiff"), by and through undersigned counsel, files this Original Complaint against Defendant Credence Resource Management, LLC ("Credence" or "Defendant"), and alleges, upon personal knowledge as to her own acts and upon information and belief as to all other matters, as follows:

2. This is a consumer-protection action arising from Defendant's attempt to collect a purported DIRECTV debt that Plaintiff does not owe. Plaintiff has never held a DIRECTV account. Defendant nonetheless sent Plaintiff a text message demanding payment of $90.05 to "resolve" a purported DIRECTV balance of $200.10.

3. Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392.001 et seq. ("TDCA").

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over Plaintiff's TDCA claim

pursuant to 28 U.S.C. § 1367(a) because that claim forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Texas and directed the collection communication at issue to Plaintiff in Texas.

6. Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 124(b)(2) and 1391(b) because Plaintiff resides in Fort Bend County, Texas, and a substantial part of the events giving rise to Plaintiff's claims, including her receipt of Defendant's collection communication, occurred in this District and Division.

## PARTIES

7. Plaintiff is a natural person residing at 4107 Townsville Circle, Missouri City, Fort Bend County, Texas 77459. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1). The obligation Defendant sought to collect is an alleged "debt" within the meaning of 15 U.S.C. § 1692a(5) and an alleged "consumer debt" within the meaning of Tex. Fin. Code § 392.001(2).

8. Defendant Credence Resource Management, LLC is a Nevada limited liability company with its principal place of business at 4222 Trinity Mills Road, Suite 260, Dallas, Texas 75287. Credence regularly collects or attempts to collect, directly or indirectly, consumer debts owed or asserted to be owed to another, and uses the telephone and text messaging in a business the principal purpose of which is the collection of debts. Credence is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), and a "third-party debt collector" within the meaning of Tex. Fin. Code § 392.001(7). Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

9. Plaintiff has never opened, held, or been responsible for a DIRECTV account, and has never contracted with DIRECTV for goods or services. Plaintiff owes no debt to DIRECTV or to Defendant on DIRECTV's behalf.

10. On September 14, 2026, at approximately 4:42 p.m., Defendant sent a text message to Plaintiff in an attempt to collect the purported DIRECTV debt. The message looked as follows:




11. The message was addressed to "Christine" and was received by Plaintiff. It represented that Plaintiff owed a DIRECTV balance of $200.10; that Plaintiff could "resolve" the account by paying $90.05 on or before September 29, 2026; and that doing so would "sav[e]" Plaintiff $110.05.

12. Each of these representations was false. Plaintiff has no DIRECTV account and owes no balance, in any amount, to DIRECTV or to Defendant.

13. The message was a communication made in connection with the collection of a debt. Defendant itself acknowledged as much by stating that it "is a Debt Collector" and that the message "is an attempt to collect a debt."

14. By pairing a false balance with a time-limited "discount" and a payment deadline, Defendant sought to induce Plaintiff, through manufactured urgency, to pay money she does not owe.

15. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages, including emotional distress, anxiety, frustration, and confusion, intrusion upon her privacy, and time and effort expended in addressing a debt that is not hers.

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e**

AGAINST DEFENDANT CREDENCE RESOURCE MANAGEMENT, LLC

16. Plaintiff repeats and realleges each of the foregoing allegations as if fully restated herein.

17. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. Defendant violated 15 U.S.C. § 1692e, including §§ 1692e(2)(A) and 1692e(10), by falsely representing the character, amount, and legal status of a debt that Plaintiff does not owe, by falsely representing that Plaintiff could "save" $110.05 on a nonexistent balance, and by using false representations and deceptive means in an attempt to collect that debt.

19. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages as alleged above..

20. Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt, and § 1692f(1) specifically prohibits the collection of any amount unless it is expressly authorized by the agreement creating the debt or permitted by law.

21. Plaintiff has no agreement with DIRECTV and owes no debt. Defendant's demand for $90.05, and its assertion of a $200.10 balance, was therefore neither expressly authorized by any agreement nor permitted by law. Defendant thereby violated 15 U.S.C. §§ 1692f and 1692f(1).

22. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages including emotional distress, anxiety, frustration, and confusion, intrusion upon her privacy, and time and effort expended in addressing a debt that is not hers.

**COUNT II**

**VIOLATION OF THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE §§ 392.304(a)(8) AND 392.304(a)(19)**

AGAINST DEFENDANT CREDENCE RESOURCE MANAGEMENT, LLC

23. Plaintiff repeats and realleges each of the foregoing allegations as if fully restated herein.

24. Credence Resource Management, LLC is a third-party debt collector is a debt collector under the Texas Debt Collector Act as they were attempting to collect the alleged debt from Ms. Todd.

25. Section 392.304(a)(8) of the Texas Finance Code prohibits a debt collector from misrepresenting the character, extent, or amount of a consumer debt. Defendant violated this provision by representing that Plaintiff owed a $200.10 DIRECTV balance, resolvable for $90.05, when Plaintiff owes no such debt.

26. Section 392.304(a)(19) prohibits a debt collector from using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Defendant violated this provision by the same conduct.

27. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages as alleged above, and is entitled to recover under Tex. Fin. Code § 392.403.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

a. Awarding Plaintiff her actual damages under 15 U.S.C. § 1692k(a)(1) and Tex. Fin. Code § 392.403(a)(2);
b. Awarding statutory damages under 15 U.S.C. § 1692k(a)(2)(A) in the maximum amount permitted by law;
c. Granting injunctive relief under Tex. Fin. Code § 392.403(a)(1) restraining Defendant from further attempts to collect the purported DIRECTV account from Plaintiff;
d. Awarding Plaintiff her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b);
e. Awarding pre-judgment and post-judgment interest as permitted by law; and
f. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 4, 2026

Respectfully submitted,

**Amy Beth Clark**
Attorney-in-Charge
State Bar No. 24043761
amy@cimentlawfirm.com
221 Bella Katy Drive
Katy, Texas 77494
Telephone: (210) 294-9273
eService: cpfiling@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF